NATHAN B. CRAIG

v.

ISAAC A. MILLER.

*Filed at Ottawa May 12, 1882—Rehearing denied September Term, 1882.*

1.  PAYMENTS—*of their application, in case of several debts.*  A debtor by note, and also on an account, has a right, on making a payment, to direct its application to either the note or the account.

2.  EVIDENCE—*as to application of payments—indorsement of the payment by the creditor.*  Where the maker of a note in a suit thereon testified that in making a payment he directed it to be applied on the note, and the plaintiff that it was made to be applied on an account, it was *held*, error to allow the plaintiff to give in evidence to the jury a copy of the account with his indorsement of the credit thereon, made of his own motion, without the privity of the maker of the note or his surety, and to allow the jury to take such account and indorsement with them on their retirement.  The entry of a payment on an account by a creditor instead of on a note of the person paying, is of itself no evidence of any authority to make such application.

APPEAL from the Appellate Court for the Second District; —heard in that court on appeal from the Circuit Court of JoDaviess county; the Hon. WILLIAM BROWN, Judge, presiding.

Mr. M. Y. JOHNSON, for the appellant.

Messrs. D. & T. J. SHEEAN, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This was assumpsit, by appellee against appellant, on a promissory note executed by W. R. Craig and appellant to P. M. Spencer, and by Spencer assigned to appellee.  The defence was that the note had been paid before suit was brought, by W. R. Craig.  That a payment was made to appellee by W. R. Craig, equal to, and, indeed, greater than, the amount of the note, was admitted by appellee; but he

claimed that such payment was made upon an account, while appellant claimed that it was upon the note. .

Appellee· was permitted by the court, over appellant's objection, to read a copy of the account, with the payment in question thereon indorsed as a credit, in evidence to the jury; and the jury were also permitted, over appellant's objection, to take with them in their retirement to consider of their verdict, the paper on which this copy of account and indorsement of credit thereon were written. This was error. There was no controversy in regard to the account, nor as to the fact that a certain amount of money had been paid by W. R. Craig to appellee, the only controversy being whether W. R. Craig had directed that payment to be applied on the note. He testified, in substance, that he so directed, and appellee testified that he did not. The question was thus one upon which there was evidence both ways, and to be settled in favor of the party best sustained under all the circumstances.

There was no pretense that W. R. Craig or appellant was privy to, or in any way personally bound by, the entry of the credit on appellee's account. It was made by appellee of his own motion, and it was only questioned whether he had authority to make such an application of the payment. If appellee was authorized to apply the payment on the account, that was the end of the controversy, and it was simply impossible that the entry itself could have been any evidence that appellee had authority to make it. Yet, by admitting it in evidence, the court, in effect, told the jury it was evidence, and by permitting them to take the paper in their retirement, they were, in effect, told that this paper, a mere copy of an *ex parte* entry, was a competent instrument in evidence to be considered by them, in a case where the sole issue was whether the party making the original had authority to do so. There is no principle which allows a party to thus bolster and prop up his evidence.

It may be that, in point of fact, the jury were not misled by this evidence. But we can not assert this as a matter of judicial knowledge. If it had any effect (and the more reasonable presumption is that it did have some effect) it was an improper one.

The other objections against the ruling below, discussed in argument, are, in our opinion, untenable. But for this error the judgment below will be reversed, and the cause remanded.

*Judgment reversed.*