## J. W. DOUGHERTY ET AL.
## v.
## J. L. KNOWLTON.

1. STATEMENT OF ACCOUNT—EVIDENCE.—Where a statement of accounts admitted by the defendants to be in the handwriting of the deceased is offered in evidence by the plaintiff without objection by the defendant, and part of such statement was favorable to plaintiff and part to defendant, the jury were justified in taking the whole statement as it read. It was not absolutely incumbent on plaintiff to prove in addition that there was such an account.

2. NOTICE TO PRODUCE WRITING.—Where it is desired to offer secondary proof of the contents of a writing in possession of an adverse party, notice may be given to produce the writing, and if it is not so produced the court will in a proper case permit secondary evidence of what the writing contains, but it is error to read such notice to the jury.

APPEAL from the Circuit Court of Tazewell county; the Hon. N. W. GREENE, Judge, presiding. Opinion filed February 25, 1886.

Mr. B. S. PRETTYMAN and Mr. J. W. DOUGHERTY, for appellants.

Messrs. STARR & STARR and Mr. W. R. CURRAN, for appellee.

WALL, P. J. This was assumpsit by the appellee as administratrix of Jesse L. Knowlton, deceased, against the appellants. The declaration contained a special count on a promissory note given by the defendants to the deceased, and common counts for money lent, etc., goods sold, etc.

There were pleas of non-assumpsit, payment and the Statute of Limitations, upon which issue was joined and there was a trial by jury.

The plaintiff first offered the note described in the special count on which there were no credits indorsed, and then read to the jury a statement admitted by defendants to be in the handwriting of the deceased as follows:

Mr. J. W. Dougherty in account with J. L. Knowlton:

| | | |
|---|---:|---:|
| 1869—Sept. 10, to bill of goods...... | $164.17 | |
| Oct. 14, " " " ...... | 88.70 | |
| | | $252.87 |
| Note and interest................... | 508.00 | |
| | | $760.87 |
| 1869—Sept. 10, by cash............. | $100.00 | |
| Oct. 14, " cash............. | 200.00 | |
| By interest....................... | 2.00 | |
| | | $302.00 |
| | | $452.87 |
| 1870—Aug. 22, to 10 months and 6 days int...................... | | 38.45 |
| | | $497.32 |
| Aug. 22, by cash............. | | 100.00 |
| | | $397.32 |

Indorsed:    J. W. DOUGHERTY, note and account.

This statement went to the jury without objection by defendants. The plaintiff then rested.

Thereupon counsel for defendants inquired of counsel for plaintiff whether he had bought the books of said Knowlton, pursuant to notice, to which it was replied that said books had been destroyed by fire. Then defendants proposed to give in evidence a receipt for $200 paid by J. W. Dougherty to said Knowlton, Oct. 14, 1869, which was allowed. Then defendants offered to introduce in evidence a notice to produce the books of said Knowlton, from which the said statement had been taken, which notice appeared to have been served on one of the plaintiff's attorneys. This was objected to and the court excluded it. The defendants also proposed to prove that defendant Rupert had been a resident of the county, and financially responsible during the whole period intervening the maturity of the note and the bringing of the present suit, which was excluded.

The jury were then instructed and afterward found the issues for plaintiff, and assessed the damages at $858.92. A motion for new trial having been overruled, judgment was rendered on the verdict, from which an appeal is prosecuted to this court.

It is urged that the verdict is against the evidence. The argument is based in part upon the theory that the sum of $200 mentioned in the written receipt should be credited upon the note in addition to the sums mentioned in the statement. It will be seen that this receipt is identical in date and amount with the second item of credit mentioned in the statement and the jury no doubt considered it the same credit. They were warranted in so treating it.

It is also objected that the jury should have credited upon the note all the items of money received and contained in the statement, and should have disregarded the charges for merchandise, amounting to $252.87. The defendants might perhaps have excluded the entire statement from the jury, but did not seek to do so, for the reason that they wished to avail themselves of the admissions therein, showing payments aggregating four hundred dollars. They were willing to take the benefit of the statement so far as it was in their favor, but wanted the jury to ignore so much as operated against them.

The jury were justified in taking the whole statement as it read, and in so doing they acted on a plain principle of frequent application, in support of which no citation is necessary.

It was not absolutely incumbent on the plaintiff to prove in addition that there was such an account. The statement was to be treated as any other declaration of a party admitted in evidence, and the plaintiff might properly ask the jury to consider it all, as well the portion favorable to the plaintiff as that favorable to defendants, giving each part such weight as it might seem to deserve. The jury were properly instructed by the court upon this point, and we find no reason to complain of their conclusion.

The case of Craig v. Miller, 103 Ill. 605, cited by appellants, is not in point, if for no other reason, plainly because the "statement" was admitted without objection and apparently with the full consent of appellants, while in the case cited, the evidence under consideration was admitted against the objection of defendant.

If Knowlton had an open account against Dougherty and a

note on which Rupert was surety, he had a right to apply the payment made by Dougherty in satisfaction of the account first, and the residue on the note, unless otherwise directed by the debtor. No evidence of such direction appearing, it would be presumed the payment was properly applied.

There was no error in excluding the notice from the jury. It was not competent as evidence. Where it is desired to offer secondary proof of the contents of a writing in possession of an adverse party, notice may be given to produce the writ. ing, and if it is not so produced, the court will in a proper case permit secondary evidence of what the writing contains, but we know of no principle on which the notice can be read to the jury. The defendants might have taken a *subpœna duces tecum* for the person in possession of the books, or perhaps might have obtained a rule to that effect upon the plaintiff, and in this way could have procured them if in existence. There was no error in refusing to permit the defendants to prove the residence and pecuniary condition of defendant Rupert.

Such testimony did not tend to prove any issue on trial, and was therefore irrelevant.

No error appearing in the record, the judgment of the circuit court will be affirmed.

Affirmed.